IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.

SCOTT CRESSWELL,

       Defendant.

19-CR- 99



## PLEA AGREEMENT

The defendant, SCOTT CRESSWELL, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 1349 [Conspiracy to Commit Wire Fraud], for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $5,994,639.86, a mandatory $100 special assessment and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.    Two or more persons, in some way or manner, agreed to a common and unlawful plan to commit a fraud crime listed in Chapter 63 of Title 18 of the United States Code, namely wire fraud; and

b.    The defendant knew the unlawful purpose of the plan and willfully joined in it.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    Between March 2017 and April 2018, the defendant participated in a conspiracy directed by Robert Morgan and others to obtain insurance policy proceeds fraudulently by presenting false and inflated contracts and invoices to insurance companies for repairs on properties managed by Morgan Management, LLC, to which Morgan Management, LLC was otherwise not entitled. At all times relevant, the defendant, Scott CRESSWELL ("CRESSWELL") was the Chief Operating Officer for Morgan Management, LLC. The conspiracy made use of electronic communications in interstate commerce.

c.    Specifically, from March 2017 to April 2018, under the direction of Robert Morgan and others, CRESSWELL conspired with others to

2

present false and inflated contracts and invoices to insurers in connection with repairs at the Summerwood Apartments in Merrillville, Indiana. On or about March 27, 2017, CRESSWELL received an executed copy of a $2.5 million contract for the true and accurate cost of repairs at the Summerwood Apartments in Merrillville, Indiana. However, in or about May 2017, CRESSWELL or other members of the conspiracy caused to be sent to an insurer (1) a false and inflated $3,236,519 contract, (2) a false invoice, and (3) a false and inflated lien waiver for repairs at the Summerwood Apartments.

d.  Similarly, from March 2017 to May 2017, CRESSWELL conspired with others to present false and inflated contracts and invoices to insurers in connection with repairs at the Eden Square Apartments in Cranberry Township, Pennsylvania. Despite being aware that repairs at the property were being completed for $174,999, CRESSWELL or other members of the conspiracy caused to be presented to insurers false and inflated documents reflecting repair costs of $263,013.57.

e.  From June 2017 to January 2018, CRESSWELL conspired with others to present false and inflated contracts and invoices to insurers in connection with repairs on thirty-four properties in and around Rochester, New York after a windstorm that occurred in March 2017. On or about August 1, 2017, CRESSWELL learned that, as of that date, the anticipated cost of the repairs was approximately $3.65 million. However, CRESSWELL and other members of the conspiracy planned to bill insurance companies at least $5.86 million. The "variance" (or profit) to Morgan Management Facilities for this scheme to defraud was approximately $2.21 million. At Robert Morgan's direction, CRESSWELL encouraged and instructed others to "grind the best you can" to get the variance, or profit, for the repair work up to $2.5 million. On or about August 15, 2017, the defendant emailed false and inflated documents to an insurance adjuster in connection with four of the properties impacted by the windstorm.

f.  Insurance companies paid approximately $2,997,319.93 more than the actual cost of repairs as a result of the false and inflated documents presented by CRESSWELL and other members of the conspiracy with respect to repairs at the Summerwood Apartments, Eden Square, and at the thirty-four properties impacted by the March 2017 windstorm in and around Rochester, New York. The total loss, including relevant conduct, was $2,997,319.93.

## III.   SENTENCING GUIDELINES

5.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines § 2B1.1(a)(1) applies to the offense of conviction and provides for a base offense level of 7.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.     The government and the defendant agree that the following specific offense characteristic does apply:

a.     §2B1.1(b)(1)(I): the total loss (including relevant conduct) was in excess of $1,500,000 (namely, $2,997,319.93), and thus there is a 16 offense level increase.

### U.S.S.G. CHAPTER 3 ADJUSTMENTS

8.     The government and the defendant agree that the following adjustment to the base offense level does apply:

a.     The 2 level decrease of Guidelines § 3B1.2(b) (minor role in the offense).

### ADJUSTED OFFENSE LEVEL

9.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 21.

4

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 18.

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that, with a total offense level of 18 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 27 to 33 months, a fine of $10,000 to $100,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13.     The government and the defendant agree to the correctness of the calculations of the Sentencing Guidelines range set forth above. The defendant, however, reserves the

right to recommend a sentence outside the Sentencing Guidelines range based on the defendant's family circumstances. This paragraph reserves the right to the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

15.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

16.    The defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## V.    GOVERNMENT RIGHTS AND OBLIGATIONS

17.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

## VI.    RESTITUTION AND FINANCIAL PENALTY PROVISIONS

18.    The defendant understands, and the parties agree, that the Court must require restitution in the amount of $2,997,319.93 to be paid to identified victims of the fraud as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

19.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

20.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

21.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provide for in 18 U.S.C Section 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

22.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

23.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

24.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligations of the defendant pursuant to the judgment of the Court.

## VII.   **APPEAL RIGHTS**

25.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

26.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   COOPERATION

28.     The defendant will cooperate with the government by providing complete and truthful information regarding the defendant's knowledge of any and all criminal activity, whether undertaken by the defendant or others, in any way involving or related to bank fraud, mail fraud, wire fraud, securities fraud, or money laundering. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such other proceedings as the government shall deem necessary, including, but not limited to pre-trial hearings, trials, sentencing hearings and forfeiture proceedings.

29.     The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

30.     In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to bank fraud, mail fraud, or wire fraud, committed up to the date of this agreement and about which the defendant provides complete and truthful information.

31.     Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

32.     Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines at least 5 levels as provided for in Guidelines § 5K1.1, which, if granted by the Court, would result in a total offense level of 13 and a sentencing range of 12 to 18 months imprisonment. The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

33.     This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

34.     It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

35.     In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1; and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

36.     In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the

government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

37.    If the "Cooperation" section of this agreement is declared breached by the Court:

    a.    the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

    b.    the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1;

    c.    the defendant has no right to withdraw the plea of guilty;

    d.    the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant;

    e.    the government shall be relieved of any obligation to dismiss pending charges as otherwise provided in this agreement; and

    f.    the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

38.    At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement known to the Court. The defendant will not oppose a request by the government to adjourn sentencing until full satisfaction by the

defendant of the defendant's cooperation obligations. In the event the defendant is sentenced prior to the completion of the defendant's cooperation obligations, however, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1. Further, in the event the defendant is sentenced prior to the completion of the defendant's cooperation obligations, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

39.    The defendant's attorney is permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

40.    This plea agreement represents the total agreement between the defendant, SCOTT CRESSWELL, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:   _____
JOHN D. FABIAN
Assistant United States Attorney

Dated:  May 13, 2019

I have read this agreement, which consists of pages 1 through 16. I have had a full opportunity to discuss this agreement with my attorney, Michael J. Tallon, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
SCOTT CRESSWELL
Defendant

Dated:  May 13th, 2019

_____
MICHAEL J. TALLON, ESQ.
Attorney for the Defendant

Dated:  May \_\_\_, 2019