

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SCOTT CRESSWELL,

        Defendant.

**ORDER**

1:19-CR-00099 EAW

---

On May 13, 2019, defendant Scott Cresswell ("Defendant") appeared before the undersigned, waived indictment, and pleaded guilty to a one-count Information charging a violation of 18 U.S.C. § 1349 (conspiracy to commit wire fraud). Defendant faces a maximum possible prison sentence of 20 years. According to the plea agreement (Dkt. 3), the sentencing guideline calculations agreed-upon between Defendant and the Government will result in a recommended prison sentence of 27 to 33 months, although Defendant has reserved the right to argue for a non-guideline sentence and there is an opportunity for a reduction in the guideline calculations pursuant to Section VIII of the plea agreement.

After the plea, Defendant was released on an unsecured appearance bond of $10,000 (Dkt. 4), without supervision by the U.S. Probation Office ("USPO") (Dkt. 8). Defendant was required to surrender any travel documents, including his passport, to his attorney, and restrict his travel to the continental United States. (*Id.*).

On June 14, 2019, this Court granted Defendant permission to travel over the July 4th holiday to visit Ms. Yolanda Robledo-Sepulveda "with whom he has been in a relationship for over a year," and who resides in Mexico. (Dkt. 9). The Government did

not oppose the travel request, and the USPO deferred to the Court since Defendant was not under supervision. (*Id.*).

On or about July 19, 2019, the Court received a violation report from the USPO alleging that Defendant was arrested for criminal contempt in the second degree in violation of New York law (a class A Misdemeanor), in connection with an alleged violation of an order of protection issued in connection with a verbal dispute between Defendant and his ex-wife. Defendant was served with a summons and an appearance was held before the undersigned on August 27, 2019, at which time Defendant's conditions of release were modified so as to require supervision by the USPO and compliance with all orders of protection. This Court also ordered that Defendant appear for all pending local court proceedings and abide by any conditions imposed.

By letter dated September 23, 2019, Defendant's counsel sought permission from the undersigned for Defendant to be allowed to travel to Mexico with two or three of his children from on or about November 26, 2019, until December 2, 2019. Both the USPO and the Government oppose the request. The Government submits that part of its rationale in now opposing the request is that previously, when it did not oppose the requested Mexican travel, Defendant's young children would remain in this district, thus minimizing any risk of flight and ensuring the likelihood that Defendant would return. Defendant's counsel responded to the communicated opposition from the Government by representing, as an officer of the court, that he has no information that would support a conclusion that Defendant would fail to return to this district. Defense counsel notes that the proposed travel is with only three of Defendant's five children.

The Court has carefully reviewed the matter and has concluded that the request must be denied. Because Defendant has pleaded guilty to conspiracy to commit wire fraud, his release pending sentencing is governed by 18 U.S.C. § 3143(a)(1) which requires detention unless a defendant establishes by clear and convincing evidence that he is not a flight risk or risk of danger. *See United States v. Harris*, 192 F. Supp. 3d 337, 347 (W.D.N.Y. 2016) (once convicted, a defendant bears the burden of proof to establish his entitlement to bail). While the Court previously allowed Defendant to travel outside the country, that travel was without his children and since that time his conditions have been modified based upon Defendant's state court arrest and the violation report received by the Court. Notwithstanding the genuine representations by Defendant's counsel, the Court believes that the risk of flight is too great if Defendant is allowed to travel with his children to a foreign country where a woman with whom he is in a relationship resides. Under the circumstances, the Court concludes that the request must be denied.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: October 7, 2019
Rochester, New York